IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THOMAS TILLEY, IRIS M. TILLEY, )
)
    Plaintiffs, )
)
)
v. )      1:11CV355
)
CITIBANK NMTC CORPORATION, )
DOES I-X; ROES I-V, )
)
    Defendants. )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendant Citibank NMTC Corporation's ("Citibank") motion to dismiss pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure. (Docket Entry 9.) Plaintiffs Thomas Tilley and Iris M. Tilley filed a response to Citibank's motion. (Docket Entry 14.) This motion is ripe for disposition. Based upon the reasons stated herein, the court will recommend that Defendant Citibank's motion to dismiss be granted.

## I. BACKGROUND

Plaintiffs filed a 59-page "For Order To Show Cause & Verified Complaint" on May 9, 2011 alleging that Defendants[1] engaged in unlawful actions against Plaintiffs which may cause Plaintiffs to incur unlawful debts. (Compl. ¶ H, Docket Entry 1.) On July 8, 2011,

---

[1] Plaintiffs also named "DOES I-X and ROES I-V" as Defendants in this matter. However, the record indicates that no summonses were issued and no service was ever made as to these "parties" and thus they should be terminated as parties.

Citibank filed the pending motion to dismiss. (Docket Entry 9.) Plaintiffs thereafter filed a response. (Docket Entry 14.) Portions of Plaintiff's Complaint state the following:

> Because of the Defendants unlawful actions engaged against Plaintiffs, which may cause one or more of such Plaintiffs to incur unlawful debts for which would in probability require their challenging the validity of such debts in a U.S. bankruptcy court, Plaintiffs, as an anticipated declaratory matter that would require particular federal questions to be answered prior their necessity of seeking bankruptcy relief in such an event, Plaintiffs hereby submit those first impression, serious and impacting federal questions, in the form of twenty <u>Exhibited TESTS</u>, herein below, to be answered as they would apply, minimally, to the United States bankruptcy courts of North Carolina, Ohio and Virginia (hereinafter, all of the same to be represented by the single bankruptcy court reference as "North Carolina bankruptcy court"), for potential future debt related bankruptcy court needs-rights of one or more of the Plaintiffs, without disparity of their constitutional and civil rights if doing so.
>
> . . .
>
> This cause of action began officially on <u>May 31, 2010</u>, when non-defendant P.W. Simpson recklessly and unconscionably elected to target, and with malicious "shotgun" ["legal"] attacks, began an offensive with malice and venom, upon the Tilley family's estate for and by P.W. Simpson's own unlawful gain and questionable authority, as though P.W. Simpson had a duty to apprehend and destroy Mr. Thomas Tilley and his wife, children, grandchildren, and great grandchild, until there should be none left financially standing in the wake of P.W. Simpson's unparalleled assaults upon them, Plaintiffs.
>
> . . .
>
> P. W. Simpson is an unqualified actor for the Internal Revenue Service federal agency who lacks actual lawful authority to enforce (or "execute") the laws of the United States. During the course of P.W. Simpson's actions which lead to this case, Simpson's indispensable, fraudulent involvement with the Defendants did cause the Defendants to cause the Plaintiffs unquestionable harm in their family estate, in the progressive business dealings thereof, as had been established in the normal course of doing lawful business for the rightful progress of said estate...
>
> . . .

While the reckless, unlawful, and unlawfully influencing acts of P. W. Simpson are to be dealt with in a different case whereby the questionable actions thereof may be prudently and precisely dealt with, it is to be duly noted that those acts exist in concert with the acts of the Defendants, and the acts of the Defendants exist in concert with those acts, leading to the Defendants own guilty acts of unlawfully relying fraudulently created forms of no court of the United States, being, as a matter of corporate responsibility, liable to engage competent counsel as its advisory, competent, educated, and capable of knowing whether or not an Amendment to the United States Constitution exists that would have provided for the non-judicial creation and use of any such <u>contrasting</u> IRS federal agency <u>exhibiting</u> **(expose)** <u>forms</u> as are demonstrated by <u>Exhibit B</u> . . .

. . .

This raises the issue and **federal question** as a federal due process and banking laws due process question, as to whether a federally chartered bank, such as the Defendant Citibank is, is being lawfully bank-regulated by the Internal Revenue Service federal agency as though it, said "federal agency," has been authorized under any federal law to be recognized by such banks as though being "bank regulators" thereof.

. . .

The Tilley Trustees at no time disclosed certain trust information, either directly or indirectly. . . [D]efendants since the time that they accepted and relied upon the unlawful bootleg forms presented to them by P.W. Simpson, to the Plaintiffs' undue harm and injury, in violation of the fiduciary trust and responsibilities of the Defendants to protect the Plaintiffs from such reckless, unofficial (or bootleg) activities before, not after, the release, to any third non-judicial party, of any fiduciary information held by the Defendants on the Plaintiffs' good faith behalf, the basis for which the Plaintiffs became clients of the Defendants to begin with.

. . .

Plaintiffs now so formally charge Defendant Citibank and its involved or else responsible and accountable executive officers with violation of Federal
Banking Laws by allowing a party not an employee of the Defendant Citibank to elect, without a federal court order signed by a United States judge, to give away, offer, offer up, transfer, convey, pledge, hypothecate, communicate or utter such intellectual, private property as belongs to the Plaintiffs, each and all, of the account(s) under nothing less than fraudulent and *I* or fiduciary breach conditions.

> . . .
>
> > It is when we begin to thoroughly expose the question of the "property tax" to a closer scrutiny that we run aground of the United States Constitution's <u>Fifth Amendment</u>, last phrase therein, as to why - except that politicians have made it so - "property tax" is purely unconstitutional, and has always been so from the date that the people embraced the Constitution and its Amendments for themselves.

(Compl. ¶¶ H, 2a, 2d, 2f, 2j, 2m, 2p, 29, Docket Entry 1)(emphasis in original).

In the latter part of the 59-page Complaint, Plaintiffs include "The Exhibit" consisting of "twenty (20) categorical federal questions necessary to be answered for future right of bankruptcy debt filing purposes." (*Id.* ¶ 54.) In their prayer for relief, Plaintiffs request that the Court issue a show cause order, grant an "immediate injunction estopping and reversing Defendants from illegal activities," restore the legal rights of Plaintiffs and their family, enjoin any Internal Revenue Service agency officials from "an future actions against Plaintiffs," and to protect Plaintiffs and their family from "the reckless, out of control acts of P.W. Simpson, a person acting in unlawful concert with the Defendants." (Compl. Prayer for Relief ¶¶ 1, 2, 3, and 9.) Citibank filed the pending motion to dismiss pursuant to Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure and also pursuant to Rules 12(b)(6) and (7) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

*Defendant Citibank's Motion to Dismiss Pursuant to Rule 12(b)(5)*

"A motion to dismiss under Rule 12(b)(5) is the appropriate means for challenging the manner or sufficiency of service of process." *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F.Supp. 519, 526 (M.D.N.C. 1996) (citing *Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir.

1986), *rev'd on other grounds*, 487 U.S. 412, 108 S.Ct. 2460 (1988)). Once the sufficiency of service of process is challenged, the burden is on the plaintiff to establish that service of process has been completed in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure. *Id.* (citation omitted.) The Fourth Circuit has previously stated:

> When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

*Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). "Even so, courts generally allow pro se plaintiffs a chance to remedy technical insufficiencies in service of process." *Thomas v. Nelms*, No. 1:09-CV-491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013). The manner in which a defendant may be served is governed by Rule 4 of the Federal Rules of Civil Procedure. Service on a corporation must comply with Rule 4(h)(1) which states:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
>
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>
>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or

Fed. R. Civ. P. 4(h)(1).

Citibank has challenged service of process, and Plaintiffs have provided no proof that the Summons and a copy of the Complaint were properly served upon an officer or agent authorized to accept service on behalf of Citibank. Even after being made aware of the challenge to service of process by way of the instant motion, Plaintiffs have not provided evidence that service was proper nor have they made attempts to perfect service. Furthermore, Plaintiffs have not provided proof of service as to "CitiMortgage, Inc.," the entity which the Summons appears to reference. (*See* Summons, Docket Entry 4.) The Court notes that Citibank did receive actual notice of the lawsuit on or about May 18, 2011, less than 10 days after the Complaint was originally filed. However, "[s]ervice of process is not freestyle, and courts are directed not to overlook procedural deficiencies just because actual notice occurred." *Shaver v. Cooleemee Volunteer Fire Dep't*, CIV.A. 1:07CV00175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008) (citation omitted). Thus, the Court concludes that dismissal pursuant to Rule 12(b)(5) would be appropriate in this case.

*Defendant Citibank's Motion to Dismiss Pursuant to Rule 12(b)(6)*

In addition to dismissal under Rule 12(b)(5), Plaintiffs' Complaint should also be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) for failure to state a claim should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the factual allegations must "be enough to raise a right to relief above the speculative level." *Id.* at 555. "Thus, while a plaintiff does not need to demonstrate in a complaint that the

right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). As explained by the United States Supreme Court:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

A Rule 12 (b)(6) motion tests the sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, a court should "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the truth of the facts alleged is assumed, courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* Pro se complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not a fantasy," and the court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain

7

statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 does not, however, unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact . . . .") *Id.* at 555 (internal citations omitted). "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416, U.S. 232, 236 (1974)).

Plaintiffs' Complaint is disjointed and lacking in factual allegations. It states that this action stems from target attacks on Plaintiffs' family by non-defendant P.W. Simpson. (Compl. ¶ 2a.) According to Plaintiffs, "P.W. Simpson is an unqualified actor for the Internal Revenue Service federal agency who lacks authority to enforce (or "execute") the laws of the United States." (*Id.* ¶ 2d.) Plaintiffs further assert that P.W. Simpson's fraudulent actions with Defendant "cause[d] the Plaintiffs unquestionable harm in their family estate . . . ." (*Id.*) A great portion of the Complaint repeatedly references "P.W. Simpson" and his alleged acts. However, notwithstanding vague references about violations of federal banking laws, this 59-page Complaint lacks any factual allegations about fraudulent actions of Citibank. The Complaint is comprised of several sections (*see, e.g. Id.* ¶¶ 3-7 (entitled "Other Federal Questions: Acts and Activities Committed under Color of Law"); *Id.* ¶ 18.1 (entitled "Power Swapping Not Lawful; Borrowing Not Confirmed, Prohibited");

*Id.* ¶ 26 (entitled "State Property Records"); *Id.* ¶ 27 (entitled "Creation of State and County Records Departments for Public Use") which fail to allege any plausible claim against Citibank. These sections are followed by seven additional pages of what purports to be tax history along with Plaintiffs' "tests" that are aimed at a "future right of bankruptcy proceeding." (*Id.* ¶ 54.)

Despite liberal construction given to pro se pleadings, Plaintiffs' Complaint simply fails to state a claim upon which relief can be granted as to Citibank and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Giarratano v. Johnson*, 521 F.3d 298, 304 n. 5 (4th Cir. 2008) (applying *Twombly* standard in dismissing *pro se* complaint).[2] It is unclear as to what actions Citibank allegedly engaged in and what laws have been violated. To the extent Plaintiffs allege that Citibank disclosed confidential material, Plaintiffs do not state what information was confidential, what information was disclosed, or the laws governing such disclosed information as it pertains to Citibank. Certainly a complaint that is full of vague and scattered assertions does not cross "the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. This Complaint is devoid of allegations[3] that "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) *aff'd sub nom. Coleman v. Court of Appeals of*

---

[2] Additionally, Citibank asserts other grounds for dismissal. While these arguments appear to have merit, it is unnecessary to address them as the action should be dismissed for failure to state a claim.
[3] As Citibank notes, Plaintiffs also appear to seek an advisory opinion for "future right of bankruptcy debt filing purposes." (Compl. ¶ 54.) If Plaintiffs are asking the Court for an advisory opinion, "a declaratory judgment may not be given for a purely hypothetical situation [or as] ... an advisory opinion." *A.S. Abell Co. v. Chell*, 412 F.2d 712, 719 (4th Cir. 1969); *see also Maryland Right to Life State Political Action Comm. v. Weathersbee*, 975 F. Supp. 791, 795 (D. Md. 1997) ("The doctrine of ripeness is designed to implement the constitutional prohibition against advisory opinions.")

*Maryland*, 132 S. Ct. 1327 (2012) (internal quotation omitted). Therefore, dismissal is appropriate under Rule 12(b)(6).

## III. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the court **GRANT** Defendant's motion to dismiss (Docket Entry 9) under Rule 12(b)(5) for insufficient service of process, or alternatively, under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Joe L. Webster
United States Magistrate Judge

December 13, 2013
Durham, North Carolina